**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROSS DUTCHER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHELLPOINT PARTNERS LLC, NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>Defendants. | Case No. 2:21-cv-2062<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Ross Dutcher, individually and on behalf of all others similarly situated, files this Class Action Complaint and Jury Demand for damages and injunctive and equitable relief arising from Defendants' (Shellpoint Partners LLC and NewRez LLC d/b/a Shellpoint Mortgage Servicing) violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. In support, Plaintiff makes the following allegations upon information and belief. The allegations pertaining specifically to Plaintiff are based on his personal knowledge.

**Preliminary Statement**

1.      According to the Federal Trade Commission's December 2019 Biennial Report to Congress, the emergence of new communications technologies has caused the number of illegal telemarketing calls to explode in recent years. Consumer complaints to the FTC about illegal calls have more than quintupled over the last 10 years, growing from about 63,000 per month in 2009 to an average of more than 315,000 per month in 2019. The sheer volume of illegal telemarketing overwhelms the enforcement efforts of government agencies such as the FTC and the Federal Communications Commission. Consequently, private consumer enforcement actions

play a critical role in combatting illegal telemarketing. 47 U.S.C. § 227(b)(2)–(3).

2. Plaintiff brings this action to enforce the TCPA in the face of rampant illegal calls made by Defendants to sell their mortgage refinancing packages, and to collect mortgage payments.

3. Defendants knowingly and willfully violated the TCPA when they placed thousands of illegal phone calls to Plaintiff's and class members' cellular telephone lines using an automatic telephone dialing system ("ATDS"). They also violated the TCPA by placing calls to Plaintiff and class members using prerecorded voice messages without obtaining prior express consent. Indeed, Defendants doubled down on their illegal campaign by continuing to place those illegal calls to Plaintiff and class members even after they demanded the calls stop.

4. The TCPA prohibits companies from placing calls to consumer's cellular telephone lines using an ATDS without prior express consent. *Id.* § 227(b)(1)(A)(iii). Likewise, the TCPA prohibits companies from placing prerecorded robocalls to any consumer's cellular or residential telephone line without first obtaining their prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii) & (B). Finally, the TCPA's implementing regulations allow consumers to make "do-not-call" requests and require companies to honor and track those requests via an internal do-not-call ("IDNC") list. 47 U.S.C. § 227(c)(1)(A); 47 C.F.R. § 64.1200(d); 16 C.F.R. § 310.4(b)(1)(ii) and (iii).

5. Here, Defendants violated these provisions of the TCPA en masse. Plaintiff is just one of the thousands of consumers who has received illegal autodialed and prerecorded robocalls from Defendants without ever giving express prior consent to receive such calls. He is also one of the many who expressly asked that Defendants quit placing robocalls to his phone, only to have that request ignored. All three instances are hallmark violations of the TCPA.

**Parties**

6. Plaintiff Ross Dutcher is a natural person residing in Los Angeles, California, who has a mortgage serviced by Defendants.

7. NewRez LLC d/b/a Shellpoint Mortgage Servicing ("NewRez") is a limited liability company organized under the laws of the state of Delaware, which has its principal place of business in this District.

8. Shellpoint Partners LLC is the parent company of NewRez and is a limited liability company organized under the laws of the state of Delaware.

**Jurisdiction & Venue**

9. This Court has original federal question and subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227, *et seq*. This Court also possesses subject matter jurisdiction under the Class Action Fairness Act because at least one member of the class is a citizen of a different state than one Defendant; there are more than 100 members of the class; and the aggregate amount in controversy exceeds $5,000,000.00 exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2)(A).

10. Venue is proper under 28 U.S.C. § 1391 in the United States District Court for the Eastern District of Pennsylvania because NewRez's corporate headquarters are located in this District.

**Statutory Background**

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227). The statute requires the FCC to promulgate

rules to protect telephone subscribers' privacy rights and permits a private right of action for violations of those rights. 47 U.S.C. § 227(b)(2)–(3).

12. The TCPA makes it unlawful to (1) make calls to cellular telephone lines using an "automatic telephone dialing system," or (2) make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A) & (B); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012). Plaintiff alleges violations of these provisions in Counts One and Two.

13. "To qualify as an 'automatic telephone dialing system,' a device must have the capacity either [1] to store a telephone number using a random or sequential number generator, or [2] to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021). Defendants used an ATDS to place prerecorded telemarketing calls to Plaintiff and other class members as alleged more fully below.

14. The FCC has explained that such calls are prohibited absent prior express consent because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and they can be costly and inconvenient for the consumer. The FCC has defined prior express consent as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(9).

15. Additionally, the FCC rules allow consumers to make "do-not-call" requests that

companies must honor and track via IDNC lists. 47 U.S.C. § 227(c)(1)(A); 47 C.F.R. § 64.1200(d); 16 C.F.R. § 310.4(b)(1)(ii) and (iii). This rule applies to all residential and cellular telephone lines. Plaintiff alleges violations of these provisions in Count Three.

16. The TCPA provides for statutory damages of $500 for each call in violation of the statute and implementing regulations, which may be trebled if the violations are knowing and willful. 47 U.S.C. § 227(b)(3).

**Factual Allegations**

17. Plaintiff's residential mortgage is serviced by Defendants.

18. Defendants place solicitation telephone calls to their customers' and other consumers' cellular and residential telephone lines to promote mortgage-lending and refinancing services and collect payments for existing mortgages.

19. Defendants have placed such telephone calls en masse to thousands of their customers' and other consumers' cellular and residential telephone lines throughout the United States.

20. The calls here possess the hallmark characteristics of automated calls. After receiving the at issue calls from Defendants, Plaintiff experienced a delay of dead air before a prerecorded message played, both of which are indicia of an automatic or predictive dialing system.

21. The dialing system used to place the prerecorded calls, like most of the dialing systems used by call broadcasters today, had the capacity to store telephone numbers, generate numbers sequentially, and dial those numbers without human intervention.

22. In other words, the dialing system stores, generates, and dials each telephone number from a list of sequentially ordered numbers.

23. In the alternative, the dialing system used to place the calls stores, generates, and dials each telephone number in a random sequence.

24. Defendants' calls were not just to existing customers. Numerous consumers have gone online to complain and inform other consumers that they recieved solicitation calls from Defendants even though they have "no affiliation with" them. *See infra* ¶ 39. Similarly, consumers have uploaded recordings of the calls placed by Defendants, including a call where Defendants played a prerecorded message asking them to "hold for the next available representative." *Id.* Those facts alone support the inference that the calls were random and placed with an ATDS.

25. Plaintiff believes that discovery of Defendants' records of the at-issue numerically sequenced and randomly generated calls will demonstrate that Defendants made the calls with an ATDS.

26. Defendants are aware that the TCPA prohibits ATDS and prerecorded calls without the recipient's prior express consent. But they placed the calls anyway, even without such consent. In so doing, Defendants knowingly invaded Plaintiff's and the class members' personal privacy in direct contravention of the TCPA.

*Plaintiff's Experience*

27. On or about October 27, 2020, Plaintiff was rudely awakened in the early morning hours by a phone call from Defendants to his cellular telephone. During the call, Defendants' representative informed Plaintiff that he might be eligible to refinance his mortgage.

28. Frustrated by the time of the call, Plaintiff made it immediately clear that he wanted to invoke his California Privacy Rights and avoid another surprise awakening and unwanted calls.

29.     On or about November 2, 2020, Plaintiff called Defendants regarding his mortgage. Defendants' customer representative told Plaintiff that his loan had been approved for forbearance under the CARES Act, although Plaintiff never requested nor assented to such program.

30.     Unbeknownst to Plaintiff, Defendants placed his mortgage in forbearance under the CARES Act without his knowledge or consent. Also unknown to Plaintiff were the consequences of the Defendants' unilateral decision vis-à-vis his mortgage. By placing his mortgage under the CARES Act, Defendants barred Plaintiff from refinancing his loan at a lower interest rate.

*Defendants' Robocall Scheme*

31.     On or about December 18, 2020, Defendants made an autodialed call to Plaintiff's cellular telephone line, (XXX) XXX-8762, which played a prerecorded message when Plaintiff answered.



32.     The call rang to Plaintiff's cell phone from (866) 825-2174. After a pause of dead air followed by a click (the telltale sign of Defendants' use of an autodialer), Plaintiff heard the following prerecorded message:

> This is Shellpoint mortgage servicing with a call for __ if you are not __ please hang up the phone now. Due to the effects of the COVID-19 pandemic your mortgage loan account was placed on a forbearance plan on your request. In support of this, communication was sent to you by email and or mailed letter providing the forbearance plan specifics. We are reaching out to provide you with options to assist during this difficult time. Shellpoint mortgage servicing is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. If you are still experiencing a hardship with making your payment and would like to actively remain on the forbearance plan please press 1. If you no longer wish to remain on the forbearance plan and are ready to be reviewed for other options press 2. If you are no longer experiencing hardship with making your monthly mortgage payment and are able to pay the total amount today press 3. To repeat this message press[sic].[1]

33.     In approximately January of 2021, Defendants made a second autodialed call to Plaintiff's cellular telephone line, (XXX) XXX-8762, that played the same prerecorded message.

34.     On or about March 24, 2021, Plaintiff called Defendants to again make it abundantly clear that he did not want to receive any additional unsolicited calls or robocalls and that he was invoking his rights to privacy under California law. Plaintiff made sure to record the conversation this time to document Defendants' callous treatment of his privacy rights; below is an excerpt of that recording:

> **Recorded message:** Shellpoint Mortgage Servicing is a Debt Collector. This is an attempt to collect a debt; any information obtained will be used for that purpose; this is a recorded call.
>
> **Operator**: Shellpoint Mortgage Servicing is a Debt Collector; this is an attempt to collect a debt; any information obtained will be used for that purpose. Also, California residents are entitled to certain privacy rights.
>
> **Mr. Dutcher**: I just want to check what are my options in adjusting my mortgage to get out of the CARES Act.
>
> **Operator**: So, the options would be provided to bring[sic] the account current once the forbearance ends, would be to, um, modification or repayment plan or

---

[1] Consumers across the United States have complained of having the same prerecorded message delivered to their phone. https://www.nomorobo.com/lookup/866-825-2174 (last accessed May 4, 2021).

putting the payments that were made within that timeframe to be applied to the account.

**Mr. Dutcher**: Ok, and also I live in California and I wanted to exercise my California rights to privacy.

**Operator**: Ok.

**Mr. Dutcher**: Because I've been getting robocalls from you guys and I want that to stop.

**Operator**: Ok, I could go ahead and submit that information; I would also advise you to go to shellpointmtg.com and review the privacy rights there as well, because you can opt out of more of them there as well.

35. Nevertheless, a week later, on April 1, 2021, in complete disregard of Plaintiff's requests that the calls stop, Defendants placed a third autodialed call from (866) 825-2174 to



Plaintiff's cellular telephone line, (XXX) XXX-8762. It played the same prerecorded message.

36. Plaintiff never consented verbally or in writing to the Defendants contacting him on his cellular phone, let alone via autodialed and prerecorded calls.

37.     In fact, Plaintiff's account with Defendants demonstrates that "[t]here are no phone numbers associated with [Plaintiff's] account," and it is devoid of any consent:



38.     That, however, did not stop Defendants from using their autodialer system to call Plaintiff's cell phone with prerecorded messages.

39.     Defendants' unlawful conduct did not begin or end with Plaintiff. Indeed, numerous other consumers have gone online to voice their complaints and warn others about Defendants' unsolicited robocalls from (886) 825-2174, the same number that Defendants used to call Plaintiff:



[2]

---

[2] https://www.shouldianswer.com/phone-number/8668252174 (last accessed May 4, 2021).



[3] https://findwhocallsyou.com/8668252174?CallerInfo (last accessed May 4, 2021).
[4] https://800notes.com/Phone.aspx/1-866-825-2174 ((last accessed May 4, 2021).
[5] https://directory.youmail.com/directory/phone/8668252174 ((last accessed May 4, 2021).



[6]

## Class Action Allegations

40. Plaintiff brings this action individually and on behalf of all other persons or entities similarly situated throughout the United States pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following classes:

    (a)    <u>Class One (the "Prerecord Class") (Count One):</u>

All persons within the United States who, within the four years prior to the filing of this action, (1) received a phone call from or on behalf of Defendants, (2) to their cellular and/or residential telephone line, (3) using an artificial or prerecorded voice, (4) without prior express consent or after revoking consent.

    (b)    <u>Class Two (the "ATDS Class") (Count Two):</u>

All persons within the United States who, within the four years prior to the filing of this action, (1) received a phone call from or on behalf of Defendants, (2) to their cellular telephone line, (3) using an automatic telephone dialing system, (4) without prior express consent or after revoking consent.

---

[6] http://live.nomorobo.com/lookup/866-825-2174 (last accessed May 4, 2021).

      (c)    <u>Class Three (the "IDNC Class") (Count Three)</u>:

All persons within the United States who, in the four years prior to the filing of this action, (1) received a phone call from or on behalf of Defendants, (2) to their cellular and/or residential telephone line, (3) where the persons called had previously requested that Defendants stop calling.

41. Excluded from the classes are Defendants, any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family.

42. The proposed class members are identifiable through phone records and phone number databases that will be obtained through discovery.

43. The potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

44. Plaintiff and members of the proposed classes were harmed by the Defendants' acts in at least the following ways: Defendants illegally contacted Plaintiff and the members of the classes improperly despite oral or written requests that the calls stop, invading the privacy of Plaintiff and the members of the classes and subjecting them to annoying and harassing nuisance calls.

45. Plaintiff is a member of the classes.

46. Plaintiff reserves the right to amend the definition of the classes if discovery or further investigation reveals that the classes should be expanded or otherwise modified.

47. ***Community of Interest***: There is a well-defined community of interest among members of the classes, and the disposition of the claims of these members of the classes in a single action will provide substantial benefits to all parties and to the Court.

48. ***Numerosity***: While the exact number of members of the classes is unknown to Plaintiff at this time and can only be determined by appropriate discovery, membership in the

classes is ascertainable based upon the phone records maintained by Defendants. The classes include thousands of members, at least. Therefore, the classes are sufficiently numerous that joinder of all members of the classes in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(1), and the resolution of their claims through the procedure of a class action will be to the benefit of the parties and the Court.

49. *Ascertainability*: Names and addresses of members of the classes are available from Defendants' records. Notice can be provided to the members of the classes through direct mailing, publication, or otherwise using techniques and a form of notice similar to those customarily used in consumer class actions arising under the TCPA.

50. *Typicality:* Plaintiff's claims are based on the same facts and legal theories and are, therefore, typical of the claims of the other members of the classes which he seeks to represent under Federal Rule of Civil Procedure 23(a)(3). Plaintiff and members of the classes received calls on their cellular and/or residential telephone lines from Defendants using an ATDS or prerecorded message without their prior express consent. Likewise, Plaintiff and members of the classes demanded the Defendants stop calling them and requested to be placed on the Defendants' internal do-not-call list, but Defendants' calls kept ringing to their phones. There are no defenses that Defendants may have that are unique to Plaintiff. Plaintiff has fulfilled all conditions precedent to bringing this lawsuit.

51. *Adequacy*: Plaintiff will fairly and adequately represent and protect the interests of the members of the classes as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the members of the classes, and Plaintiff is represented by counsel skilled and experienced in class actions, including TCPA class actions.

52. *Superiority:* A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because:

(a) The expense and burden of individual litigation makes it economically unfeasible for members of the classes to seek to redress their claims other than through the procedure of a class action;

(b) If separate actions were brought by individual members of the classes, the resulting duplicity of lawsuits could lead to differing adjudications; and

(c) Absent a class action, Defendants are likely to continue violating the TCPA based on the allegations complained of herein.

53. ***Predominance and Commonality*:** Common questions of law and fact exist and predominate over any questions which affect individual members of the classes, and a class action is the superior method for fair and efficient adjudication of the controversy under Rules 23(a)(2) and (b)(3) of the Federal Rules of Procedure. Such common questions of fact and law include, but are not limited to, the following:

(a) Whether the calls at issue were placed using an artificial or prerecorded voice;

(b) Whether the calls were placed using an ATDS;

(c) Whether the calls were placed without obtaining the recipients' valid prior express written consent;

(d) Whether the calls were placed after Plaintiff and the members of the classes requested to be placed on the Defendants' internal do-not-call list or after revoking any prior express consent;

(e) Whether Defendants' conduct was negligent, willful, or knowing;

(f) Whether Plaintiff and the members of the classes are entitled to statutory damages because of Defendants' actions;

(g) Whether Defendants are liable for damages and, if so, the amount of such damages; and

(h) Whether Defendants should be enjoined from engaging in such conduct in the future.

### Claims for Relief

### Count One:
### Violation of the TCPA's provisions prohibiting
### prerecorded calls to cellular and residential telephone lines

54. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

55. Defendants violated the TCPA, either directly or through the actions of others, by initiating a telephone call to Plaintiff's and class members' cellular or residential telephone lines using an artificial or prerecorded voice without prior express consent. *See* 47 U.S.C. § 227(b)(1)(B).

56. Defendants' violations were willful and/or knowing.

### Count Two:
### Violations of the TCPA provisions prohibiting
### autodialed calls to cell phones

57. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

58. Defendants violated the TCPA, either directly or through the actions of others, by initiating a telephone call to Plaintiff's and class members' cellular telephone lines using an automatic telephone dialing system without prior express consent. *See* 47 U.S.C. § 227(b)(1)(A).

59. The Defendants' violations were willful and/or knowing.

**Count Three:**
**Violations of the TCPA's Do Not Call provisions**

60. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

61. Defendants violated the TCPA, either directly or through the actions of others, by placing phone calls to the Plaintiff's and class members' cellular or residential telephone lines after they requested that the calls stop, and Defendant did so for the purpose of marketing products and/or services, in violation of 47 U.S.C. § 227(c)(1)(a), 47 C.F.R. § 64.1200(d), and 16 C.F.R. § 310.4(b)(1)(iii).

62. Defendants' violations were willful and/or knowing.

63. As to all three counts, Defendants' acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*, and its implementing provisions.

64. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, and accompanying regulations, Plaintiff and each member of the proposed classes are entitled to damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

65. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

**Prayer for Relief**

Plaintiff, individually and on behalf of all others similarly situated, respectfully requests the following relief:

A. That the Court certify the proposed classes as requested;

B. That the Court appoint Plaintiff as class representative;

C. That the Court appoint the undersigned counsel as counsel for the classes;

D. That the Court enter a judgment permanently enjoining Defendants from engaging in or relying upon telemarketing or other calls that violate the TCPA;

E. That the Court enter a judgment requiring Defendants to adopt measures to ensure TCPA compliance, and that the Court retain jurisdiction for a period of six months to ensure that Defendants comply with those measures;

F. That the Court enter a judgment awarding any other injunctive relief necessary to ensure the Defendants' compliance with the TCPA;

G. That the Court enter a judgment awarding Plaintiff and the members of the classes statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing or willful violation;

H. That the Court award pre- and post-judgment interest on all amounts awarded to Plaintiff and the members of the classes;

I. That the Court enter an order awarding the Plaintiff reasonable attorneys' fees and costs; and

J. That Plaintiff and the members of the classes be granted other relief as is just and equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: May 5, 2021  Respectfully submitted,

**BAILEY & GLASSER LLP**

s/ Lawrence J. Lederer
Lawrence J. Lederer (Pa. ID 50445)
1055 Thomas Jefferson Street NW, Suite 540
Washington, DC 20007
T: 202.463.2101
F: 202.463.2103
llederer@baileyglasser.com

John W. Barrett (*pro hac vice* admission to be requested)
209 Capitol Street
Charleston, West Virginia 25301
T: 304.345.6555
F: 304.342.1110
jbarrett@baileyglasser.com

Benjamin J. Hogan (*pro hac vice* admission to be requested)
6 Canyon Road, Suite 200
Morgantown, West Virginia 26508
T: 304.594.0087
F: 304.594.9709
bhogan@baileyglasser.com

**GUCOVSCHI LAW, PLLC**

Adrian Gucovschi (*pro hac vice* admission to be requested)
630 Fifth Avenue Suite 2000
New York, New York 10111
T: 305.965.5813
adrian@gucovschi-law.com

*Counsel for Plaintiff and the Proposed Classes*